UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MTACC, Inc., a California corporation, | No. |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** |
| v. | |
| NEW YORK DEPARTMENT OF FINANCIAL SERVICES, a New York state agency, and BENJAMIN M. LAWSKY, in his official capacity as Superintendent of the New York State Department of Financial Services, | |
| Defendant. | |

Plaintiff MTACC, Inc. dba ePayService ("MTACC") requests that the Court enter a preliminary injunction enjoining Defendants New York State Department of Financial Institutions and Benjamin Lawsky (together, "NYDFS") from violating MTACC's constitutional rights to due process and from unconstitutionally interfering with interstate commerce.  MTACC seeks a preliminary injunction enjoining the NYDFS from initiating enforcement proceedings or otherwise imposing a penalty, monetary or otherwise, against MTACC for failure to obtain a New York money transmitter license during the pendency of this matter, or until further order of the Court.  For the reasons set forth below, the motion will be granted.

[PROPOSED] ORDER GRANTING PRELIMINARY
INJUNCTION – 1

LEGAL120578289.2

## I. BACKGROUND

MTACC is a money transmitter with no connection to New York. MTACC is a California corporation, headquartered in California, with operating offices in Washington and Russia. MTACC has no bank accounts in New York, does not conduct marketing activities in New York, and does not offer MTACC accounts to New York residents. MTACC has no physical presence in New York, and it has never owned property in New York, paid taxes in New York, or had employees in New York.

In response to a request by the Washington Department of Financial Institutions, MTACC submitted a written request to the NYDFS in August 2011, seeking confirmation that MTACC did not require licensure under Article XIII-B of the New York Banking Law, N.Y. Banking Law § 640 *et seq.* ("Article XIII-B"). On July 23, 2013, the NYDFS sent a letter to MTACC concluding that MTACC must obtain a money transmitter license in order to receive funds sent to it by New York companies through a third-party institution (a bank or a New York-regulated money transmitter). Despite MTACC's request for reconsideration, the NYDFS maintains its position. MTACC filed the present suit seeking declaratory and injunctive relief on claims alleging that the NYDFS's actions violate MTACC's rights under the Due Process Clause of the U.S. Constitution and unconstitutionally interferes with interstate commerce

## II. DISCUSSION

MTACC has established that it is "'[1] likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is in the public interest.'" *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In applying the *Winter* test, the Ninth Circuit balances the elements such that a stronger element of the test may offset a weaker showing on another element. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). As set forth below, MTACC satisfies all four elements set forth in *Winter*.

MTACC is likely to succeed on the merits of its due process claim.  MTACC has a personal "liberty interest in not being subject to the binding judgments of a forum with which [it] has established no meaningful [internal] contacts, ties, or relations."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotations and citation omitted).  The NYDFS seeks to deprive that liberty interest by applying Article XIII-B to an activity not regulated by the statute and to a company that is a stranger to New York.  "Those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."  *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2787, 2780 (2011) (plurality opinion).  Here, as in *J McIntyre Machinery*, MTACC has no office in New York.  MTACC neither pays taxes nor has it ever owned property in New York, and it has never advertised in or sent employees to New York.  MTACC's services are not open to New York residents.  Further, there are two types of activity that trigger the licensure requirement of Article XIII-B: (1) the receipt of money from New York residents for the purpose of further transmitting that money on their behalf, and (2) transmitting money via a wire or electronic transfer on behalf of New York residents.  N.Y. Banking Law § 641(1); 3 C.R.R. N.Y. § 406.2(a).  MTACC does not engage in either activity, and its activities are therefore beyond the scope of Article XIII-B.

Under these circumstances, NYDFS's enforcement of its regulatory and other powers against MTACC would violate the Due Process Clause's substantive protections "against having the Government impose burdens upon him except in accordance with the valid laws of the land."  *Giaccio v. Pennsylvania*, 382 U.S. 399, 403 (1966).

MTACC is also likely to succeed on the merits of its dormant commerce clause claim.  The NYDFS's interpretation of New York Banking Law Article XIII-B and related regulations would violate the Commerce Clause of the U.S. Constitution by improperly directly regulating transactions that take place outside New York.  *See Edgar v. MITE Corp.*, 457 U.S. 624, 641-42 (1982).  Furthermore, the NYDFS's expansive interpretation would place a significant burden on interstate commerce in violation of the dormant Commerce Clause.

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION – 3

Absent the issuance of a preliminary injunction, MTACC is likely to suffer irreparable harm in the form of a loss of customers, goodwill, and damage to its reputation, both with customers and with regulators in states where MTACC does, or intends to do, business.  In light of this likely harm to MTACC when compared to the minimal risk of harm posed to the NYDFS as a result of a preliminary injunction, a weighing of the equities favor granting MTACC's request for a preliminary injunction.  Finally, protecting a fundamental liberty interest and preventing undue burdens on interstate commerce through a preliminary injunction are both decidedly in the public interest.

Under the circumstances present in this matter, including the limited nature of the preliminary injunction sought, the constitutional nature of the rights forming the basis of the injunction, and the fact that Defendants are government actors, the Court exercises its discretion not to require any bond from the Plaintiff.

### III.   ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that in the absence of a change in the services offered by MTACC as related to the State of New York:

1. Defendants and each of their officers, agents, servants, employees, and attorneys, along with all persons who are in active concert or participation with Defendants or with any of their officers, agents, servants, employees, or attorneys, who receive actual notice of this Order are hereby enjoined from:

   a. initiating any enforcement action against MTACC for failure to obtain a money transmitter license in New York solely for receiving money sent by New York residents through an exempt or other regulated third party; and

   b. imposing any penalty, monetary or otherwise, against MTACC for failure to obtain a money transmitter license in New York solely for receiving money sent by New York residents through an exempt or other regulated third-party

2. MTACC shall promptly notify this Court and the parties in the case of any change in its services as related to the State of New York.

3. This Order shall take effect immediately and shall remain in effect during the pendency of this case.

DATED: _____, 2014        _____
                                    The Honorable
                                    United States District Judge

Presented by:

**PERKINS COIE LLP**

By:/s/ Joseph P. Cutler
Joseph P. Cutler, #37234
Attorney for Plaintiff
MTACC, Inc.

[PROPOSED] ORDER GRANTING PRELIMINARY
INJUNCTION – 5

LEGAL120578289.2